FRANCIS B. COOLEY *et al.*, Plaintiffs in Error, *v.* JOHN W. G. CULTON, Defendant in Error.

### ERROR TO MARSHALL.

Where an appeal is taken to the Circuit Court, from the discharge, by the county judge, of a person under our insolvent act, it is the duty of the insolvent to attend the Circuit Court and submit to an examination; and if he fails to attend, the cause should be continued on application of the appellant.

THIS was an application for discharge from custody and imprisonment under chapter 52, Revised Statutes, entitled Insolvent Debtors, made by Culton on the 6th day of September, A. D. 1855, at the August special term of the Marshall County Court.

Culton was brought before the court on a *ca. sa.* issued by B.

Cooley et al. *v.* Culton.

F. Fuller, a justice of the peace in and for said county, on a judgment rendered by said justice against said Culton, in favor of one Lewis Skinkle.

Culton scheduled his property, made the necessary oath, was examined, E. W. Hazard was appointed assignee, and the court ordered Culton to be discharged, from which judgment the plaintiffs, being judgment creditors, appealed to the Circuit Court of said county. Before the trial of this cause in the Circuit Court, the plaintiffs in error read the following affidavit:

In the matter of the application of J. W. J. Culton for a discharge from arrest,

*N. H. Purple*, being sworn, says that it is necessary that the applicant for a discharge, J. W. J. Culton, should be present in court to be personally examined upon the hearing of this application, and that he is not present.

Upon this affidavit, plaintiffs in error moved the court for a continuance, which motion was overruled by the court and excepted to by plaintiffs.

The cause was tried by HOLLISTER, Judge, and a jury, at October term, 1856, of the Marshall Circuit Court.

The verdict was for the defendant, Culton.

GLOVER & COOK, for Plaintiffs in Error.

E. W. HAZARD, for Defendant in Error.

WALKER, J. This was an application by Culton to the Probate Court of Marshall county, for a discharge from imprisonment, on the 6th day of September, 1855, under the provisions of the insolvent debtors' act. He had been arrested on a *ca. sa.* issued by a justice of the peace of that county on a judgment in favor of one Lewis Skinkle. On the hearing of the application before the Probate Court, he filed a schedule properly sworn to, and made the required assignment, was examined by the court, and E. W. Hazard was appointed assignee, and applicant was discharged from custody. From that judgment plaintiffs, who were creditors and claimed to be aggrieved by his discharge, appealed to the Circuit Court of Marshall county, and sued out a summons against Culton, which was duly served. At the October term, 1856, of the Circuit Court, the plaintiff filed an affidavit that it was necessary that Culton should be present on the trial to be examined, and that he was absent, and moved for a continuance for that reason. The court overruled the motion. A trial was had before the court and a jury, and the issues were found for defendant. The plaintiff entered a motion for a new

4

trial, which was overruled, and the defendant was discharged by order of the court. To reverse this judgment, plaintiff prosecutes this writ of error.

The only question presented by this record for our consideration is, whether the court erred in overruling the motion for a continuance on account of the absence of Culton.

The applicant for a discharge from custody under this act is entitled to it only when he complies with the statute. The seventh section provides for the examination of the applicant when the fairness of his schedule is contested; and this privilege is mutual. On such trial in the probate court, he has a right to be examined, if he desires, and the creditor contesting his right to a discharge has the same right to examine him in regard to the fairness of his proceedings. And the only question to determine is, whether, by an appeal to the Circuit Court, the rights of the parties are changed. This is a statutory proceeding, and it is regulated by the statute; and the right is given by the statute to examine the applicant; and no reason is perceived why this right should be lost to either party by appealing to the Circuit Court. This court has held that where an appeal is given and no mode of trial is prescribed in the appellate court, that the trial shall be *de novo*. *Shirtliff* v. *The People*, 2 Scam. R. 9. And no reason is perceived for adopting a different rule in this case. If, when the creditor appeals, the applicant, on the trial of the appeal, has no right to examine him, he would have no right to be examined on his own application. And such a change in the practice in the inferior and superior courts would materially affect the rights of the parties, by appealing from the decision of the Probate Court.

The applicant for a discharge when an appeal is taken, and he is served with process, should attend on the trial, to be examined, if desired, by the opposite party or himself, and unless he does so attend, he is not entitled to a discharge, unless the opposite party waives his attendance. And it is the duty of the Circuit Court to continue the cause when the applicant fails to attend, when a continuance is asked by the creditor.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*